JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH KONG,<br><br>Plaintiff,<br><br>vs.<br><br>LEONARDO M. LOPEZ, IRIS A. LOPEZ, and FERMAX INC., a California corporation,<br><br>Defendants. | Case No. 2:18-cv-2538-MWF (GJSx)<br><br>The Honorable Michael W. Fitzgerald, United States District Judge<br><br>**JUDGMENT AFTER TRIAL** |

1

This action came on regularly for jury trial between February 18 and February 20, 2020, in Courtroom 5A of this United States District Court. Plaintiff Nehemiah Kong was represented by James R. Boyd and Dennis J. Price II of Potter Handy, LLP (Center for Disability Access). Defendants Leonardo M. Lopez, Iris A. Lopez, and Fermax, Inc. were represented by Charles L. Murray III of Charles Murray Law Offices.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified and exhibits were admitted into evidence. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury. The jury deliberated and thereafter returned a verdict as follows:

**Question 1:** Did the Restaurant present an architectural barrier by failing to offer a van-accessible parking space on February 9, 2018? (The meaning of "van-accessible parking space" is defined in Instruction No. 13.)

Yes __**X**__          No ____

*If you answered "Yes", please proceed to Question 2. If you answered "No", please skip the remaining questions, sign and date the form on page 3.*

**Question 2:** Did the Plaintiff personally encounter the lack of a van-accessible parking space on February 9, 2018?

Yes ____          No __**X**__

*Please proceed to Question 3.*

**Question 3:** Did the Plaintiff have personal knowledge of the lack of a van-accessible parking space on February 9, 2018 and was thereby deterred from visiting or patronizing the Restaurant on February 9, 2018?

Yes \_\_\_\_  No __X__

*If you answered "Yes" to **either** Question 2 **or** 3, please proceed to Question 4. If you answered "No" to **both** Questions 2 **and** 3, please skip to the remaining questions, sign and date the form on page 3.*

**Question 4:** Did the Plaintiff prove that he intends to return to the Restaurant?

Yes \_\_\_\_  No \_\_\_\_

*Please proceed to Question 5.*

**Question 5:** Did the Plaintiff experience difficulty, discomfort, or embarrassment due to encountering the lack of a van-accessible parking space?

Yes \_\_\_\_  No \_\_\_\_

*Please proceed to Question 6.*

**Question 6:** Did the Defendants prove that providing a van-accessible parking space is *not* readily achievable? (The meaning of "readily achievable" is defined in Instruction No. 15).

Yes \_\_\_\_  No \_\_\_\_

3

Now, therefore, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that final judgment in this action in favor of Defendants be entered as follows:

1. As to Plaintiff's claim for violation of Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*: Judgment is entered against Plaintiff Nehemiah Kong and in favor of Defendants Leonardo M. Lopez, Iris A. Lopez, and Fermax, Inc.

2. As to Plaintiff's claim for violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53: Judgment is entered against Plaintiff Nehemiah Kong and in favor of Defendants Leonardo M. Lopez, Iris A. Lopez, and Fermax, Inc.

3. As the prevailing party, Defendants may file an application to recover their reasonable costs.

Dated: March 4, 2020

_____
MICHAEL W. FITZGERALD
United States District Judge